30632. WILLIAMS et al. v. WILLIAMS.

INGRAM, Justice.

Appellants, who are beneficiaries under the will of Belle Hayes Williams, deceased, appeal from the dismissal of their complaint for declaratory judgment by the Superior Court of Jeff Davis County. Appellants sought to enjoin the appellee (executor under the will) from selling at public sale the real property of the deceased on the ground that the executor's authority to sell was limited by the right of sale granted to the beneficiaries in the will. The trial court ruled against this construction of the will by appellants and held their complaint failed to state a claim for relief.

The will bequeathed and devised to the husband of the testatrix, if he survived her, all personal property and a life estate in the 40 acres of real property. In the event the husband did not survive the testatrix (which he failed to do), all property except an automobile, was bequeathed and devised to four of the testatrix' daughters, the children of another daughter, Ruby Williams Clarke, and three sons. The daughter, Ruby Williams Clarke, and a son, Amos J. Williams, were not included in this general devise but were each willed the sum of one dollar. This daughter and son have no devised interest in the real property but are also parties with the other beneficiaries under the will. The probate of this will was involved in earlier litigation between the parties and the trial court's judgment in that case was affirmed by this court in *Hand v. Williams,* 234 Ga. 755 (218 SE2d 7) (1975). Subsequent to this court's decision, the executor advertised the real property for sale at public outcry before the courthouse door of Jeff Davis County between legal hours of sale, as authorized by the will.

The present litigation ensued and the issue in this appeal is whether the trial court correctly construed the will authorizing the executor to sell the real property free of appellants' claim that such a sale would defeat the beneficiaries' right to sell their interests in the property. We have reviewed the will and conclude, after considering the arguments of all parties, that the trial court's judgment is correct and should be affirmed.

Paragraph 5 of the will provides as follows: "I appoint and constitute my son-in-law, Royce Morris, as the Executor of this my last Will and Testament and Estate and authorize him to sell at private sale any and all personal property that I may own, if necessary for the purposes of carrying out this Will, and also authorize him *to sell at either private or public sale, without obtaining authority from any person or Court, the real estate that I own, for the purpose of paying the debts of my Estate and the expense of administration, or for the purpose of making distribution to my heirs or for both purposes.* I excuse him from filing an inventory and appraisement thereof, and for giving bond for the faithful performance of the duties involved, but require that he file returns of actings and

doings to the Ordinary like Administrators are required to file. This power of sale includes the right to execute the necessary deeds conveying same. *This is not to be construed to prevent my said beneficiaries from either purchasing the interest of the other heirs or selling their interest to other persons, as they shall have full power to sell their interest if they so desire therein.*" (Emphasis supplied.)

Does the will provision giving the beneficiaries the right to sell their interest to each other or to other persons limit the executor's authority to sell the real property as authorized by the will? We have concluded that it does not, as we find no conflict between the two provisions. In the testamentary disposition of realty, "upon the death of the owner of realty . . . , the devisees have an inchoate title in the realty which is perfected when the executor assents to the devise. Code § 113-801. [Cits.]" *Oliver v. Irvin,* 219 Ga. 647 (1) (135 SE2d 376) (1946). This interest of a devisee is an assignable property right. See *Sanders v. Hepp,* 190 Ga. 18, 20 (8 SE2d 87) (1940). It can be the subject of a voluntary conveyance. See *McGahee v. McGahee,* 204 Ga. 91, 95 (48 SE2d 675) (1948).

However, the interests of the devisees in the realty is considered subject to the right of the executor to sell the real estate "for the purpose of paying the debts of [the] estate and the expense of administration, or for the purpose of making distribution to [the] heirs or for both purposes." Otherwise, the authority to sell given the executor is meaningless. Cf. Code Ann. § 113-801. There is no contention by appellants that it is unnecessary for the appellee-executor to sell the realty for one or more of these authorized purposes. Appellants' argument that the testatrix intended the realty to be kept in the family is refuted by the will provisions which authorize a private or public sale by the executor for the purposes stated therein and by the will provisions which approve of the sale of the devisees' interests among themselves and "to other persons," i.e., people outside the family.

This construction given the will by the trial court carries out the intention of the testatrix and is consistent with Georgia law. See Code Ann. § 113-806 and *McClelland v. Johnson,* 211 Ga. 348 (86 SE2d 97)

(1955).
*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 29, 1975 — DECIDED JANUARY 28, 1976.

*Herschel B. Herrington,* for appellants.
*J. H. Highsmith,* for appellee.