42693. MOORE v. MOORE.
(336 SE2d 804)

WELTNER, Justice.

Alice Moore filed suit in Hancock County for specific performance of a contract. She named as defendants two nonresidents of Georgia: her son Douglas Moore and her daughter-in-law Frances Moore, who is the widow of her son J. Adair Moore. Douglas Moore submitted to the court's jurisdiction. Frances Moore was sued in her

capacity as executrix of J. Adair Moore's estate. She moved to dismiss for want of personal jurisdiction; the trial court granted her motion; and Alice Moore appeals.

The contract concerned the ownership of an interest in the estate of J. P. Moore, which consisted of real property located in Hancock County and of certain personal property. In 1956, Alice Moore conveyed all her interest in the estate, other than a life estate, to her sons. In 1957, these three parties signed a second contract, which empowered Alice Moore to require her sons to reconvey their interest in the estate to her upon her demand. J. Adair Moore died in 1980. In 1984, Alice Moore filed a complaint to require such a reconveyance. At this time, both the J. Adair Moore estate and Douglas Moore owned an undivided one-half fee simple interest (subject to Alice Moore's life estate) in the real and personal property.

1. Alice Moore contends that Hancock Superior Court has personal jurisdiction over Frances Moore pursuant to the Georgia Long Arm Statute, specifically OCGA § 9-10-91, which provides: "A court of this state may exercise personal jurisdiction over any nonresident or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he . . . (4) [o]wns, uses, or possesses any real property situated within this state." See *Hart v. DeLowe Partners*, 147 Ga. App. 715, 717 (250 SE2d 169) (1978).

Frances Moore contends that neither she nor her decedent's estate "owns, uses, or possesses real property" within the meaning of the Long Arm Statute. She insists that because the estate of J. P. Moore remains unsettled, the interest of a devisee, absent a representative's assent to the devise, is not ownership of real property, but is rather a chose in action or an inchoate title in realty. The interest of a devisee is subject to an executor's duty to pay the debts of the estate, and hence is less than complete ownership. OCGA § 53-2-108. See *Williams v. Williams*, 236 Ga. 133, 135 (223 SE2d 109) (1976). It is, nonetheless, recognized as a "legally protected interest," *Allan v. Allan*, 236 Ga. 199, 202 (223 SE2d 445) (1976), and is subject to assignment. *Sanders v. Hepp*, 190 Ga. 18, 20 (8 SE2d 87) (1940).

We hold that a devisee's interest in real property is "ownership" for purposes of the Long Arm Statute. See also *Moore v. Lindsey*, 662 F2d 354, 359 (5th Cir. 1981).

2. Douglas Moore, who is administrator *de bonis non cum testamento annexo* of the J. P. Moore estate, is subject to jurisdiction in Hancock County in his representative capacity because the J. P. Moore estate is under administration in that county. Should Alice Moore join him in his representative capacity, the superior court then would be empowered to determine the ownership of the personal

property of the estate. So long as Frances Moore received adequate notice of such joinder, and of Alice Moore's claim against the personal property in the estate, it would be no violation of due process for the superior court to determine *in rem* the rights of the estate of J. Adair Moore and of Frances Moore in the personal property contained in the estate of J. P. Moore.

*Judgment reversed. All the Justices concur.*

DECIDED DECEMBER 3, 1985 —
RECONSIDERATION DENIED DECEMBER 19, 1985.

*Martin, Snow, Grant & Napier, John C. Edwards, William H. Larsen, Rozier & Hitchcock, Louis H. Rozier,* for appellant.

*Dickens, Mangum, Burns & Moore, Gordon L. Dickens, Jr., Joel D. Burns, Philip B. Spivey,* for appellee.