### 45297. WARTHEN v. MOORE et al.
(366 SE2d 666)

HUNT, Justice.

Alice Moore filed suit for specific performance of an executory contract against her surviving son, Douglas Moore, and the estate of her deceased son, Adair Moore, which was represented by his widow, Frances Moore. In *Moore v. Moore,* 255 Ga. 308 (336 SE2d 804)

(1985), this court reversed the trial court's dismissal of Frances Moore for lack of personal jurisdiction. Alice Moore died before the trial of this case and Harry Warthen III, as executor and personal representative of the estate of Alice Moore, was substituted as plaintiff. Alice Moore's testimony, preserved by deposition, was presented at trial. At the close of the evidence, the trial court granted the estate of Adair Moore's motion for directed verdict and denied that of the estate of Alice Moore. We reverse.

The subject matter of the contract at issue is the property of the estate of Percy Moore, Alice's brother-in-law, consisting of both real property located in Hancock County, and certain personal property. In 1956, Alice conveyed all her interest in the estate, other than a life estate, to her sons, Douglas and Adair. In 1957, the three parties entered into a second contract, prepared by Adair, empowering Alice Moore to require the two sons to reconvey their interest in the estate to her on her demand — thereby granting her an option to demand the reconveyance. In 1984, she filed this action seeking to enforce her right to exercise that option. At the time, both Adair's estate and Douglas owned an undivided one-half, fee simple interest, subject to Alice's life estate, in real and personal property. See *Moore v. Moore*, supra, 255 Ga. at 308. The trial court held that Alice Moore was not entitled to specific performance of the 1957 contract as a matter of law, because: (1) the contract was unenforceable due to inadequacy of consideration and lack of assent by the parties to its terms, (2) she had not made a proper demand under the contract, and (3) the contract was unfair and unjust.

1. We agree with Alice Moore that, contrary to the trial court's order and Adair's argument, the evidence presented at trial required a finding that all parties assented to the 1957 contract and that valid consideration supported that contract. The evidence is uncontroverted that all parties understood and assented to that contract's terms. See generally OCGA § 13-3-2. Adair, an attorney, drafted the contract himself and delivered it, signed by himself and Douglas, to his mother. At that time, he and his mother discussed the purpose of the contract and, afterwards, she kept the contract with her personal papers. The fact that she did not sign the contract does not negate her assent to its terms, *Cochran v. Eason*, 227 Ga. 316, 318 (180 SE2d 702) (1971).

The 1957 contract also reflects valid consideration: "ten dollars and other valuable consideration." Adair argues that there was no actual consideration, because it is undisputed that the ten dollars recited was not paid and because no other good or valuable consideration existed. However, here, where the contract is under seal, thus raising a presumption of consideration, *Smith v. Wheeler*, 233 Ga.

166 (210 SE2d 702) (1974),[1] and a monetary amount is recited as consideration, the contract is valid notwithstanding the fact that Alice did not actually pay that amount. Id. Moreover, the uncontroverted testimony of Alice and Douglas was that the "other valuable consideration," was the parties' natural love and affection for each other, providing adequate and good consideration in support of the contract. See generally OCGA § 13-3-41; *Trustees of Jesse Parker Williams Hosp. v. Nisbet*, 189 Ga. 807, 812 (2) (7 SE2d 737) (1940).

Nor do we agree with Adair's argument that the contract is invalid because it is unilateral and executory. As noted above, the agreement in question is, in effect, an option contract which by its nature is unilateral and executory by allowing one party (here, Alice) complete discretion in exercising the option. We have held that contracts of this nature are enforceable if, as here, they are supported by adequate consideration. *Chatham Amusement Co. v. Perry*, 216 Ga. 445 (117 SE2d 320) (1960).

2. Alice enumerates error in the trial court's holding that even if the contract were valid, she was not entitled to specific performance because she had not made a proper demand for it. The trial court held that although the contract permitted her to require a joint conveyance by Adair and Douglas, she demanded separate conveyances. However, we agree with Alice that the contract, read as a whole, clearly and unambiguously binds the two brothers to convey to her their interests on demand. Moreover, while the contract permits a joint conveyance, it does not require one. The record reflects that Alice Moore made appropriate demands on both the estate of Adair and on Douglas.

3. We agree with Alice Moore that contrary to Adair's arguments and the trial court's conclusions, there is no evidence in the record that the 1957 contract is unfair, unjust, against good conscience, or contrary to the intent of the parties. It is undisputed that, at the time of the 1957 contract, the two brothers clearly intended to give their mother full title to the property in question if she ever wanted it. As we have held above, there was both good and valuable consideration in support of the contract. The 1957 contract is valid and, since it involves personal and real property, specific performance is the appropriate remedy for its enforcement. See *Irwin v. Dailey*, 216 Ga. 630, 638 (118 SE2d 827) (1961). See also *Hancock v. Hancock*, 223 Ga. 481, 487 (3) (b) (156 SE2d 354) (1967). There was no evidence presented which would weigh against Alice Moore on the question of

---

[1] *Black v. Maddox*, 104 Ga. 157 (30 SE 723) (1898), cited by Adair Moore, is consistent with our holding here. Id. at 164-165. Because the recited consideration had been paid in the contract at issue in that case, the language in the opinion suggesting that actual payment of recited consideration is required to validate a contract was mere dicta and is disapproved.

her entitlement to specific performance of the contract, and the trial court's findings to the contrary were clearly erroneous. Thus, the evidence demanded a verdict in her favor on that issue, and the trial court erred by denying her motion for directed verdict while granting that of Adair Moore. See generally OCGA § 9-11-50 (a).

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 6, 1988 —
RECONSIDERATION DENIED APRIL 27, 1988.

*Martin, Snow, Grant & Napier, John C. Edwards, William H. Larsen,* for appellant.

*Dickens & Assoc., Gordon L. Dickens, Jr., Spivey, Yawn, Herrington & Wingfield, Philip B. Spivey, Jones, Cork & Miller, Hubert C. Lovein, Jr.,* for appellees.