A93A0034. TRAXLER COMPANY v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, INC.
(433 SE2d 701)

BIRDSONG, Presiding Judge.

The Traxler Company appeals from the grant of summary judgment to John Hancock Mutual Life Insurance Company, Inc. in John Hancock's action against Traxler to recover for breach of a novation and release executed between the parties to resolve a dispute arising from Traxler's lease of office space from John Hancock. Traxler asserted, in counterclaim, that John Hancock is not entitled to recover under the novation and release because it was not effective, and because Traxler was constructively evicted from the premises.

The record shows that after Traxler began a three-and-one-half year lease in May 1990, it began having problems with the premises

that culminated in April 1991, with Traxler advising that it would withhold rental payments because of water leaks and electrical problems. After negotiations, the parties agreed to resolve the dispute under the following terms: John Hancock would release all of Traxler's future obligations under the lease and Traxler would make all payments through August 1991 (including past payments withheld), forfeit its security deposit, and vacate the premises by the end of August. Also, the parties agreed to waive all claims, liabilities, causes of action, damages, expenses, and fees which either might assert against the other. By its terms the new agreement would replace all obligations in the original lease.

On July 6, 1991, Traxler signed the release agreement and forwarded the agreement to John Hancock. On August 6, 1991, Traxler signed a lease for new office space. On August 7, 1991, John Hancock advised Traxler that the signed copy of the release agreement had been misplaced and asked Traxler to send another signed agreement. On August 8, 1991, John Hancock signed the agreement, but did not send an executed document to Traxler.

According to Traxler, however, on August 12, 1991, its main computer system failed because of the conditions of the premises. During the week of August 16, 1991, John Hancock advised Traxler that it had signed the release agreement and expected to be paid all money due under the agreement. On August 30, 1991, however, Traxler claimed to be constructively evicted, and on September 1, 1991, Traxler moved into its new premises. On September 16, 1991, John Hancock provided Traxler with an executed copy of the agreement.

Thereafter, John Hancock filed suit to recover under the novation and release and later moved for summary judgment on its claim. Traxler's response to the motion, however, asserted that the delay in providing the executed copy of the novation and release operated to reject it; therefore, Traxler was authorized to assert its constructive eviction claim. After the trial court granted summary judgment to John Hancock, Traxler appealed. *Held*:

1. Traxler contends that John Hancock took inconsistent positions on whether genuine issues of material fact exist and that the affidavit in support of John Hancock's motion did not lay the proper factual foundation for the matters stated in the affidavit. Pretermitting these issues, however, is the fact that the record shows there are no genuine issues of material fact on the essential issue of whether there was an agreement by the parties and the fact that Traxler's affidavit itself establishes that there was such an agreement. Moreover, on appeal it is not significant whether the parties correctly concluded that there were no genuine issues of material fact. "[S]ummary judgment is appropriate when *the court*, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-

moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." (Emphasis supplied.) *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474).

Consequently, as Traxler's affidavit states that the parties' negotiations "culminated in an agreement as to terms," and further states that Traxler signed the executed agreement and forwarded it to John Hancock (from which Traxler implied an assent to its terms), it is not legally significant that John Hancock did not immediately sign and return the agreement. *Warthen v. Moore*, 258 Ga. 198, 199 (366 SE2d 666). As the record fully demonstrates that all the essential elements for novation were present (see *Ga. Income Property Corp. v. Murphy*, 182 Ga. App. 101, 103 (354 SE2d 859)), the trial court did not err by granting summary judgment to John Hancock.

2. In view of our disposition in Division 1, Traxler's contention that it was constructively evicted from the premises is also without merit. Traxler's departure from the premises was in accordance with the novation and release. Further, the one instance of which Traxler claims after the novation and release would not be sufficient to constitute a constructive eviction. See *Hightower v. Daniel*, 143 Ga. App. 217 (237 SE2d 688); *Alston v. Ga. Credit Counsel*, 140 Ga. App. 784, 785 (232 SE2d 134). Accordingly, the trial court did not err by denying Traxler's motion for summary judgment.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JULY 13, 1993.

*Herbert P. Schlanger*, for appellant.

*Hanna & Pelerose, Frederick J. Hanna, L. Lynn Hanna, MaryTheresa Clark*, for appellee.