A98A0802. JIMERSON v. REPUBLIC LAND & INVESTMENT COMPANY, INC. et al.
(506 SE2d 920)

JOHNSON, Presiding Judge.

   Lois Jimerson, individually and as executrix of the estate of Hubert Anthony, appeals the order of the superior court granting summary judgment on behalf of Republic Land & Investment Company, Inc. and Richard Katz, individually and as president of Republic.

   On May 3, 1990, Hubert Anthony died, leaving his house as his only asset. He was survived by his wife, Mary Anthony, and his only daughter, Lois Jimerson. Mr. Anthony left a will naming his wife as his sole heir and excluding his daughter, Jimerson, from any inheritance. Ms. Anthony was appointed executrix of the estate. On May 10, 1991, Ms. Anthony entered a roofing and home improvement contract with Precise Construction Company. To obtain necessary financing, she signed an installment note and deed to secure debt in favor of Precise. The deed contains a grantor's covenant by Ms. Anthony that she has good and perfect fee simple title in the property.

   Ms. Anthony subsequently offered the will into probate. Although she was aware that Jimerson lived at the same address and worked in the same place in Atlanta for over 17 years, she signed a default certificate in effect attesting that Jimerson's whereabouts

were unknown. Jimerson was not given actual notice of the pending probate and estate administration. On July 17, 1991, the Fulton County Probate Court entered a final order admitting the will to probate. On July 23, 1991, Precise assigned the deed to secure debt to Republic. Ms. Anthony made only three of eighty-four required payments under the installment note and was in default. On August 15, 1991, Ms. Anthony, as executrix, executed a deed conveying the premises to herself in fee simple as contemplated by her husband's will.

After Ms. Anthony's death in 1993, Jimerson learned of the probate action. In April 1994, Jimerson filed a motion to set aside and vacate probate. This motion remains pending before the probate court, and has not been further prosecuted.

In May 1994, Republic foreclosed on the property at issue and purchased it at the foreclosure sale. In October 1994, Jimerson was appointed as the successor executrix to her father's estate. Due to the foreclosure, no estate assets remained. Jimerson then filed suit in superior court against Republic and Richard Katz, in his individual capacity and as president of Republic, seeking to set aside the foreclosure of the property. Although this pleading was captioned as a complaint, Jimerson contends on appeal that it was a petition in equity to set aside the foreclosure.

Jimerson filed a motion for summary judgment in superior court. At a hearing on the motion, Jimerson's counsel asserted the superior court was not being asked to set aside the probate and acquiesced in the superior court's ruling that it did not have such authority. Rather, Jimerson contended that the will was fraudulently admitted to probate, and that Ms. Anthony gave the deed to secure debt before acquiring fee simple title to the house and before the estate had been probated. Thus, Jimerson asserted, the superior court should set aside the foreclosure even though the probate court's final order remained in full force and effect. The superior court denied Jimerson's summary judgment motion. Republic and Katz subsequently filed a motion for summary judgment which the court granted.

1. This Court has appellate jurisdiction over this case. Ga. Const. of 1983, Art. VI, Sec. V, Par. III; compare *Grebel v. Prince*, 232 Ga. App. 361, 364 (501 SE2d 538) (1998).

2. Summary judgment is appropriate where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988).

3. Jimerson asserts that at the time Ms. Anthony executed the deed to secure debt she did not own the property in fee simple absolute but, at most, had only a one-half interest in the property which she shared with Jimerson.

Hubert Anthony did not die intestate. Mary Anthony was the sole beneficiary under his will. Regardless of the property interest vested in Ms. Anthony at the time the deed was executed, Jimerson was not vested with either a legal or an equitable interest in the property. Moreover, although Jimerson contends the probate proceeding was invalid because of lack of required notice, she has elected not to contest the validity of the will in the probate court before attempting to set aside the foreclosure.

At the time the deed to secure debt was executed, Mary Anthony was both the executrix under the will and the sole beneficiary. The will gave her all of the property of the estate. "In the testamentary dispositions of realty, upon the death of the owner of realty, the devisees have an inchoate title in the realty which is perfected when the executor assents to the devise. This interest of a devisee is an assignable property right. It can be the subject of a voluntary conveyance." (Citations and punctuation omitted.) *Williams v. Williams*, 236 Ga. 133, 135 (223 SE2d 109) (1976). A voluntary conveyance can be executed prior to the assent of the executrix. When the executrix later assents to the devise, the perfected title inures to the benefit of the grantee of the conveyance deed or his assignee rather than the devisee-grantor. See *Walker v. Horton*, 184 Ga. 429 (191 SE 462) (1937); *Jenkins v. United States*, 428 F2d 538, 548 (9) (5th Cir. 1970); compare *Todd v. Williford*, 169 Ga. 543, 549 (5) (150 SE 912) (1929) (grantor's subsequently acquired interest immediately inures to benefit of grantee).

Mary Anthony possessed an inchoate title to the realty at the time she executed the deed to secure debt. *Jenkins*, supra at 548 (9). When subsequently, as executrix, she conveyed the realty to herself in fee simple and assented to the conveyance, her ownership interest therein was perfected. See *Oliver v. Irvin*, 219 Ga. 647, 648 (1) (135 SE2d 376) (1964); *Jenkins*, supra at 548 (8). At the time she, as executrix, conveyed the property to herself and assented to the conveyance, the final order of the probate court was in full force and effect. Accordingly, by operation of law, she obtained good and perfect fee simple title to the property which immediately vested in Republic and perfected the ownership interest which Precise assigned to Republic. See generally *Walker*, supra; *Jenkins*, supra; *Todd*, supra. This holding is consistent with the equitable principle that equity regards as done that which ought to be done. OCGA § 23-1-8. As between the parties, Republic has the superior equitable interest and therefore should prevail. OCGA § 23-1-11. As Republic had good and perfect title in fee simple to convey at the foreclosure sale and as the

final order of the probate court has not been set aside, there exists no valid grounds to set aside the foreclosure.

Unlike the circumstances attendant in *Lee v. Lee*, 260 Ga. 356 (392 SE2d 870) (1990), this is not a case where equity mandates interference by the superior court in the administration of the estate so as to prevent an unwarranted danger of loss or other injury to Jimerson's rights or to fully protect the rights of the parties in interest. The superior court did not abuse its discretion in electing not to interfere either directly or indirectly with the probate court's administration and probate of the estate.

A grant or a denial of summary judgment must be affirmed if it is right for any reason. *Gibbs v. Dodson*, 229 Ga. App. 64, 69 (2) (492 SE2d 923) (1997); *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746) (1993). The trial court's grant of summary judgment to Republic is affirmed.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 17, 1998.

*Jones & Associates, Joseph Jones, Jr., Saudia L. Crawford*, for appellant.

*Bovis, Kyle & Burch, William S. Allred, C. Sam Thomas*, for appellees.