## A98A2234. PHINAZEE v. INTERSTATE NATIONALEASE, INC. et al.
### (514 SE2d 843)

ANDREWS, Judge.

Stanley Phinazee appeals from the trial court's grant of summary judgment to his former employer, Interstate Nationalease, Inc. (Interstate), and Jim Stokley, his former employer and immediate supervisor respectively, on his claims for intentional infliction of emotional distress and negligent retention.

Phinazee originally filed suit in federal district court in 1995, alleging these same state grounds as well as racial discrimination in violation of 42 USC § 1981 and Title VII of the Civil Rights Act of 1964. The state law claims were then dismissed and refiled in state court in April 1996. On March 27, 1997, the district court granted Interstate and Stokley's motion for summary judgment[1] on the federal claims, finding that Phinazee had failed to make out prima facie claims of racial discrimination, retaliation, and constructive discharge.

> To succeed on [the claim of intentional infliction of emotional distress, Phinazee] must establish all four of the following elements: "(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; (and) (4) The emotional distress must be severe." (Punctuation omitted.) *Hendrix v. Phillips*, 207 Ga. App. 394, 395 (1) (428 SE2d 91) (1993). "Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law." (Citation and punctuation omitted.) *Taylor v. Gelfand*, 233 Ga. App. 835, 837 (3) (505 SE2d 222) (1998). Moreover, "(i)t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been

---

[1] This order, although specifically cited by Interstate and Stokley, is not, as they incorrectly describe it, a "dismissal order," but one granting summary judgment to the defendants. The order was affirmed on appeal. *Phinazee v. Interstate Nationalease*, 158 F3d 588 (11th Cir. 1998).

characterized by malice, or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Citation and punctuation omitted.) *Bowers v. Estep*, 204 Ga. App. 615, 618 (2) (420 SE2d 336) (1992).

*Odem v. Pace Academy*, 235 Ga. App. 648, 654-655 (2) (510 SE2d 326) (1998).

This Court conducts a de novo review of the evidence in reviewing the grant or denial of summary judgment. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996). The trial court's order below did not specify the basis upon which summary judgment was granted, but "[a] grant or denial of summary judgment must be affirmed if it is right for any reason. *Gibbs v. Dodson*, 229 Ga. App. 64, 69 (2) (492 SE2d 923) (1997); *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746) (1993)." *Jimerson v. Republic Land & Investment Co.*, 234 Ga. App. 417, 420 (3) (506 SE2d 920) (1998).

The bulk of the record in the court below and here consisted of pleadings, depositions, and exhibits from the federal district court action. A complete and detailed recitation of the facts is set out in the district court's order and will not be repeated here.

The issue is whether the same facts which were found insufficient to make out a prima facie case of racial discrimination and constructive discharge under federal law[2] are sufficient to prevent summary judgment to defendants on Phinazee's infliction of emotional distress and negligent retention state claims.

In this regard, OCGA § 9-12-40 states that

[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

Res judicata and collateral estoppel are related and similar, but separate, doctrines. "The former, also known as claim preclusion, requires a plaintiff to bring all his claims

---

[2] The standards for the federal claims are also set out in the district court's order and establish a lower threshold for defeating a motion for summary judgment than the standard of "outrageous" conduct required for intentional infliction of emotional distress.

against a party (or its privies) arising out of a particular set of circumstances in one action; while the latter, sometimes called issue preclusion, prevents relitigation of an issue already litigated by the parties (or their privies). In other words, under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.*" (Citations and punctuation omitted.) *Sorrells Constr. Co. v. Chandler Armentrout & Roebuck, P.C.*, 214 Ga. App. 193-194 (447 SE2d 101) (1994).

(Emphasis supplied.) *Brewer v. Schacht*, 235 Ga. App. 313, 315 (1) (509 SE2d 378) (1998). See also *Smith v. Maytag Corp.*, 216 Ga. App. 676, 679 (2) (455 SE2d 379) (1995).

The issue of whether race was the basis for the supervisory actions taken by Stokley which Phinazee contends caused emotional distress was decided adversely to Phinazee in the district court action and cannot be relitigated here. *Brewer*, supra. In Georgia, absent a racial or other motive in violation of public policy, an employer may discharge an at-will employee for any reason or no reason. OCGA § 34-7-1; *Borden v. Johnson*, 196 Ga. App. 288, 290 (2) (395 SE2d 628) (1990).[3] Here, Phinazee was not constructively or actively discharged, but opted initially to leave the supervisor's position with Interstate and resume his mechanic's position before taking another job with another company.

Had he been discharged, in the absence of an improper racial motive, such a discharge will not give rise to a claim for intentional infliction of emotional distress. *Kitfield v. Henderson, Black &c.*, 231 Ga. App. 130, 135 (6) (498 SE2d 537) (1998); *Borden*, supra at 289 (1). Nor will mere insults and indignities, even assuming that such acts have been shown by the record before us. *Amstadter v. Liberty Healthcare Corp.*, 233 Ga. App. 240, 243 (2) (503 SE2d 877) (1998).

No valid claim for intentional infliction of emotional distress having been sustained, the essentially derivative claim of negligent retention also fails. *Coleman v. Housing Auth. of Americus*, 191 Ga. App. 166, 168 (1) (381 SE2d 303) (1989).

Therefore, summary judgment was appropriate.

---

[3] *Trimble v. Circuit City Stores*, 220 Ga. App. 498 (469 SE2d 776) (1996), relied upon by Phinazee, involved an interlocutory appeal from dismissal of a complaint and underlying sexual harassment, neither of which is involved here.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

Decided March 16, 1999.

Thomas, Means, Gillis, Devlin, Robinson & Seay, Marvin A. Devlin, Quinton Seay, Jennifer D. Odom, for appellant.
Fisher & Phillips, Griffin B. Bell, Jr., Ilene W. Berman, for appellees.