[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10161
Non-Argument Calendar

_____

D. C. Docket No. 06-01992-CV-BBM-1

SUNNY EKOKOTU,

Plaintiff-Appellant,

versus

CHRISTOPHER BOYLE,

Defendant,

FEDERAL EXPRESS CORPORATION,
SHEILA HARTSFIELD,
CHRISTIAN BOYLE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 24, 2008)

Before ANDERSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Sunny Ekokotu, proceeding pro se, appeals the district court's grant of summary judgment in favor of Federal Express Corp. ("FedEx") in his civil action alleging, among other things, employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, 3, and negligent retention, O.C.G.A. § 34-7-20. For the reasons that follow, we affirm.

I. Background

Ekokotu, an African-American of Nigerian decent employed as a courier with FedEx since 1998, filed a complaint against FedEx, alleging, inter alia, race, gender, and national origin discrimination, retaliation, and negligent supervision and retention.[1] According to Ekokotu, he filed an internal complaint in 2005 against his direct supervisor Shelia Hartsfield, based on disciplinary counseling that occurred after he was accused of keeping keys to the truck in his locker. Hartsfield, upset about the complaint, warned Ekokotu that she would get him back. Thereafter, in 2006, Ekokotu received a warning letter for allegedly

---

[1] Ekokotu also alleged age discrimination and retaliation and conspiracy claims, but he does not challenge the grant of summary judgment on those issues; thus, they are abandoned. Access Now, Inc. v. Southwest Airlines, Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

violating the company's policy against using a cell phone while driving. Other employees were not disciplined for similar violations. Ekokotu received additional warnings for failing to show up for work despite having scheduled the day off and falling below FedEx's required punctuality policy. And his work hours were changed without notice, resulting in a decrease in his hours and pay.[2]

FedEx moved for summary judgment, asserting that Ekokotu failed to set forth a prima facie case of discrimination or retaliation, but even if he did, it had legitimate, non-discriminatory reasons for its actions.

The district court granted summary judgment, over Ekokotu's objections, considering only (1) the April 2006 letter for talking on his cell phone while driving; (2) the April 2006 letter for no call/no show at work; (3) the change in his hours and schedule; and (4) the May 2006 letter regarding his unsatisfactory punctuality. Although the court agreed that Ekokotu could not make out a prima facie case, it assumed that he could for purposes of analysis. The court then concluded that Ekokotu had not shown that FedEx's legitimate non-discriminatory reasons were pretexts for discrimination and retaliation. In reaching this conclusion, the court rejected Ekokotu's claim that Hartsfield's statements were

---

[2] Ekokotu initially listed other allegations of discrimination and retaliation. Because Ekokotu conceded at the summary judgment stage that these were the only adverse actions he suffered, we do not address his other allegations.

3

direct evidence of discrimination or retaliation.  It further found that Ekokotu had

not shown that he did not commit the violations for which he was disciplined; nor

had he shown that FedEx did not believe he had committed those violations.

Ekokotu moved for reconsideration, which the court denied because there

was no newly discovered evidence, intervening case law, or error in law or fact.

This appeal followed.  After Ekokotu filed his notice of appeal, the court awarded

fees and costs to FedEx.  Ekokotu did not amend his notice of appeal to include

these orders.

II. Discussion[3]

We review a district court's grant of summary judgment de novo, applying

the same legal standard used by the district court.  Johnson v. Bd. of Regents of

Univ. of Ga., 263 F.3d 1234, 1242 (11th Cir. 2001).  We draw all factual

inferences in a light most favorable to the non-moving party.  Id. at 1243.

---

[3] After a thorough review of the record and the parties briefs, we affirm the district court's evidentiary rulings.  The district court did not abuse its discretion by refusing to strike a portion of a witness's declaration or by not granting an adverse inference, and we do not address these claims further.  We also lack jurisdiction to consider the denial of the motion for reconsideration and for assessment of costs because the notice of appeal did not establish an intent to appeal those decisions.  See LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 836-838 (11th Cir. 1998) (concluding the court lacked jurisdiction to consider challenge to award of attorney's fees where the notice of appeal was filed before the award of fees); Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1375 (11th Cir. 1983) ("Where the appellant notices the appeal of a specified judgment only or a part thereof, however, this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal.").  Even if we were to conclude that we retained jurisdiction to review the denial of the motion for reconsideration, we conclude the court properly denied the motion for the reasons given in the district court's order.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of production. Flicking v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007). If the moving party meets this burden, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." Id. "Speculation does not create a genuine issue of fact." Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005) (quotation omitted).

A. Title VII Discrimination and Retaliation

Title VII prohibits, inter alia, an employer from discharging or otherwise discriminating against a person based on the person's race, color, religion, sex, or national origin, or retaliating against an employee for reporting discrimination. 42 U.S.C. §§ 2000e-2(a)(1), 3(a). Under Title VII, a plaintiff bears the ultimate burden of proving discriminatory treatment by a preponderance of the evidence. Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). An employee may meet his burden through direct or circumstantial evidence.

Direct evidence is "evidence, which if believed, proves existence of fact in issue without inference or presumption." Merritt v. Dillard Paper Co., 120 F.3d 1181, 1189 (11th Cir. 1997) (quotation omitted). Evidence that is subject to more

5

than one interpretation is not direct evidence. Id.

Absent direct evidence of an intent to discriminate, a plaintiff may prove his case through circumstantial evidence, using the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). See E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272-73 (11th Cir. 2002); Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998) (applying burden-shifting analysis to retaliation claims).

Under this framework, the plaintiff must demonstrate a prima facie case and may meet this burden by showing that: (1) he was a member of a protected class; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) he was treated less favorably than a similarly situated individual outside his protected class. Maynard v. Bd. of Regents of the Div. of the Univ. of Fla. Dep't of Educ., 342 F.3d 1281, 1289 (11th Cir. 2003). A plaintiff establishes a prima facie case of retaliation, by showing that (1) he engaged in statutorily protected expression, (2) he suffered an adverse employment action, and (3) there is some causal relationship between the two events. Holifield v. Reno, 115 F.3d 1555, 1566 (11th Cir. 1997).

6

If the plaintiff successfully establishes a prima facie case, the burden then shifts to the employer to rebut a presumption of discrimination by producing evidence that its action was taken for one or more legitimate, non-discriminatory reasons. Joe's Stone Crabs, 296 F.3d at 1272. If the employer meets its burden of production, "the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination." Id. at 1273. To establish pretext a "plaintiff must 'demonstrate that the proffered reason was not the true reason for the employment decision.'" Jackson v. State of Alabama State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005) (quoting Burdine, 450 U.S. at 256). The plaintiff may show this "'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" Id. (quoting Burdine, 450 U.S. at 256). "In evaluating a summary judgment motion, the district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Id. (quotation omitted).

"The identification of inconsistencies in the defendant's testimony is evidence of pretext," but the "mere denial of credibility" has no evidentiary value.

7

Howard v. BP Oil Co., Inc., 32 F.3d 520, 526 (11th Cir. 1994). A plaintiff does not demonstrate pretext by showing that the defendant had a mistaken belief about the facts that formed the basis for the alleged nondiscriminatory reason. Woodard v. Fanboy, L.L.C., 298 F.3d 1261, 1265 (11th Cir. 2002). Instead, the plaintiff must present evidence that the defendant did not honestly believe the facts on which it based its nondiscriminatory reason. Id.

A plaintiff does not always defeat a motion for summary judgment by putting forth evidence to reject the defendant's explanation. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000). An employer is entitled to summary judgment "if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination occurred." Id.

A mixed-motive analysis is appropriate if the plaintiff "present[s] sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that race, color, religion, sex, or national origin was a motivating factor for any employment practice." See Desert Palace, Inc. v. Costa, 539 U.S. 90, 101-02, 123 S.Ct. 2148, 2155, 156 L.Ed.2d 84 (2003) (quotation omitted) (addressing when a mixed-motive jury instruction is appropriate).

8

Upon review, we conclude that Ekokotu has not produced direct evidence of discrimination or retaliation. Hartsfield's alleged statement that she would get Ekokotu back requires an inference and is subject to more than one interpretation.

Turning to an analysis of the circumstantial evidence, we will assume, as the district court did, that Ekokotu presented a prima facie case. FedEx met its burden to produce legitimate, non-discriminatory, non-retaliatory reasons for disciplining Ekokotu and changing his work schedule. According to the evidence, an eyewitness observed Ekokotu talking on his cell phone while driving. Although other employees had been accused on similar misconduct, there were no eyewitnesses to those incidents, thus these incidents do not establish that FedEx treated Ekokotu differently based on impermissible factors. In addition, the record reflects that Ekokotu was not given the day off on April 11, the date on which he failed to show up for his shift.

Moreover, FedEx's decision to change the shift schedules was to increase the efficiency of its drivers and limit the time the afternoon shift had to wait for available trucks. We will not second guess an employer's business decision. Alexander v. Fulton County, Ga., 207 F.3d 1303, 1341 (11th Cir. 2000).

Finally, FedEx utilized very specific punctuality requirements, and although Ekokotu asserts that his rating of 95.7 percent was the mathematical equivalent of

the minimum required 96 percent, the record reflects that the company

distinguished between levels of punctuality by tenths of a percentage point. Thus,

under the policy, the minimum acceptable range was 96.9 percent, and 96.0 percent

to 96.8 percent was satisfactory. Ekokotu's punctuality fell below the acceptable

range.

Ekokotu has not produced evidence to establish that FedEx's reasons were a

pretext for discrimination or retaliation. Moreover, he has not shown that FedEx

did not honestly believe its legitimate reasons for acting.

In addition, Ekokotu's circumstantial evidence does not carry his burden to

show that discrimination and/or retaliation were FedEx's real motives for acting.

Because Ekokotu did not demonstrate that FedEx had a discriminatory or

retaliatory motive, a mixed-motive analysis would be inappropriate. Accordingly,

summary judgment was proper on these claims.

B. Negligent-Retention

Under O.C.G.A. § 34-7-20, an "employer is bound to exercise ordinary care

in the selection of employees and not to retain them after knowledge of

incompetency." In order to sustain a claim for negligent retention under Georgia

law, a plaintiff must show that the employer knew or should have known of the

employee's propensity to engage in the conduct which caused the plaintiff's injury

by proffering evidence that is substantially related to the injury-causing conduct. Herrin Bus. Prod., Inc. v. Ergle, 563 S.E.2d 442, 446 (Ga. Ct. App. 2002). The claim of negligent retention is derivative of the underlying claim. Phinazee v. Interstate Nationalease, Inc., 514 S.E.2d 843, 846 (Ga. Ct. App. 1999). Thus, if the underlying claim fails, the plaintiff can not sustain the claim for negligent retention. Id. Because Ekokotu's Title VII discrimination and retaliation claims fail, he cannot sustain his claim of negligent retention.

III.     Conclusion

Based on our review of the record and the parties' briefs, we AFFIRM.