[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13919
Non-Argument Calendar
_____

D. C. Docket No. 5:11-cv-00080-LGW-JEG

DEBRA KATHLEEN MCLEOD,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Georgia
_____

(April 3, 2013)

Before CARNES, BARKETT, and EDMONDSON, Circuit Judge.

PERCURIAM:

Debra Kathleen McLeod appeals the district court's grant of summary judgment in favor of Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Associates, Inc. ("Wal-Mart") in her suit for false arrest, malicious prosecution, and intentional infliction of emotional distress.  McLeod also appeals the denial of her motion for sanctions for spoliation of evidence.  No reversible error has been shown; we affirm.

Briefly stated, McLeod's complaint asserted that she was wrongfully accused of stealing $2000 from the Wal-Mart store where she worked as an assistant manager.  These facts, viewed in the light most favorable to McLeod, are pertinent.[1]  Wal-Mart discovered that a loan bag[2] containing $2000 was missing. After reviewing surveillance videos, the store's Asset Protection Coordinator, Selma Lamb, identified only two employees who had accessed the locked podium where the missing loan bag had been kept.  One of the two employees was McLeod.

---

[1] We review a district court's grant of summary judgment de novo; and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party.  Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007).

[2] A "loan bag" is a bank bag that contains money used by the store to make change or replenish cash registers.

2

The district court summarized the contents of the video this way:

> The footage is taken from a considerable distance and the Plaintiff's back largely obstructs a clear view of what her hands are doing. However, the footage does show the Plaintiff shortly before her shift ends: (1) alone at the CSM podium; (2) facing the CSM podium and bending over in the vicinity of where the drawers were located; (3) straightening herself upright; (4) turning toward the carousel behind her . . . , where she had earlier placed a stack of broken-down register boxes; (5) retrieving the stack of boxes and then turning and moving them back to the top of the CSM podium; and (6) lifting the entire stack of broken-down boxes off the CSM podium and walking away towards the back of the store where the baler[3] was located.

No surveillance cameras were located in the room with the baler, but McLeod testified that she carried the broken-down register boxes to the back of the store and put them in the baler.

In trying to locate the missing loan bag, Lamb wanted to search the cardboard bales stacked in the store's parking lot. Lamb used video surveillance to narrow her search to only those bales that were moved to the parking lot after McLeod put the boxes in the baler. As it turned out, only one bale was moved to the store's parking lot that night. When Lamb cut that bale open, she found the empty loan bag among some broken-down register boxes.

---

[3] The "baler" is a machine that compresses cardboard boxes and binds them into large bales. The bales are transported to the store's parking lot where they are collected periodically for recycling.

3

Wal-Mart reported the theft to the police.  McLeod was arrested and indicted for theft by taking, but the criminal case against McLeod was eventually dismissed.  McLeod filed this suit against Wal-Mart.

Spoliation Sanctions

The surveillance tape -- the one Lamb used to identify the bale generated after McLeod's shift -- was recorded over in the normal course of business. McLeod filed a motion for spoliation sanctions based on the destruction of this video evidence.  The district court denied the motion, concluding that the video had no practical importance to McLeod's case, that McLeod suffered no prejudice, and that Wal-Mart had not acted in bad faith.

We review a district court's decision about spoliation sanctions under an abuse of discretion standard.  Flury v. Daimler Chrysler Corp., 427 F.3d 939, 943 (11th Cir. 2005).  In determining whether spoliation sanctions are warranted, courts consider five factors:

> (1) whether the [party seeking sanctions] was prejudiced as a result of the destruction of evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether the [spoliating party] acted in good or bad faith; and (5) the potential for abuse [if the evidence is] not excluded.

4

Id. at 945. The fifth factor is not applicable to this appeal.

The deleted video was not pertinent to McLeod's claims for false arrest, malicious prosecution, or intentional infliction of emotional distress. The parties agree that the video would have shown a Wal-Mart employee -- other than McLeod -- transporting the pertinent bale on a push cart to a loading area. Neither McLeod nor the missing loan bag were visible on the video. Probable cause to suspect McLeod of theft arose from another video: the video of her conduct at the podium, plus that the missing loan bag was later found in a bale among the same type of box that McLeod had placed in the baler. The missing video was not a key.

In addition, to the extent that the deleted video -- which was taken from inside the general merchandise area -- established a temporal link between McLeod's conduct and the bale in which the missing loan bag was ultimately found, video surveillance from outside the general merchandise area (which was produced during discovery) established the same timeline. Thus, the deleted video had no practical importance to McLeod's case, and McLeod suffered no prejudice from its destruction.

McLeod argues that Wal-Mart acted in bad faith by failing to comply with her criminal lawyer's discovery requests. But McLeod's criminal lawyer requested surveillance footage from only specific locations in the store, which did not include

5

the <u>inside</u> of the general merchandise area.  Nothing evidences that Wal-Mart acted in bad faith in failing to preserve the pertinent video.

Because each factor weighs against the granting of spoliation sanctions, we see no abuse of discretion in the district court's denial of McLeod's motion.

Summary Judgment

To state a claim for either false arrest or malicious prosecution, McLeod must show -- among other things -- that Wal-Mart acted without probable cause. <u>See Desmond v. Troncalli Mitsubishi</u>, 532 S.E.2d 463, 467 (Ga. Ct. App. 2000) (noting that defendant is entitled to summary judgment on plaintiff's claims for false arrest and malicious prosecution if plaintiff fails to demonstrate that defendant acted without probable cause).  "In determining whether probable cause existed, the question is, not whether plaintiff was guilty, but whether defendants had <u>reasonable cause to so believe</u> -- whether the circumstances were such as to create in the mind of defendants a <u>reasonable belief</u> that there was probable cause for the arrest and prosecution."  <u>Gibbs v. Loomis</u>, 576 S.E.2d 589, 592 (Ga. Ct. App. 2003) (emphasis in original).  "The probable cause inquiry thus focuses on 'whether the facts <u>as they appeared at the time of instituting the prosecution</u> were

6

such as to lead a person of ordinary caution to entertain a belief that the accused was guilty of the offense charged.'" Id. (emphasis in original).

Only two Wal-Mart employees -- one of whom was McLeod -- had access to the missing loan bag. A surveillance video showed McLeod stacking broken-down register boxes on top of the podium where the missing loan bag was kept. Video footage also showed McLeod carrying the stack of broken-down boxes to the back of the store where McLeod testified she put them in the baler. The empty loan bag was then found among broken-down register boxes in a bale of cardboard boxes generated after McLeod visited the baler. In the light of these undisputed facts, Wal-Mart had reasonable cause to believe that McLeod was responsible for the theft. McLeod cannot show that Wal-Mart acted without probable cause. See id. No genuine issue of material fact exists; summary judgment was proper as to McLeod's claims for false arrest and malicious prosecution.[4]

Summary judgment was also proper on McLeod's claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, McLeod must show, among other things, that Wal-Mart's conduct was extreme and outrageous. See Phinazee v. Interstate Nationalease, 514 S.E.2d 843, 844-45 (Ga. Ct. App. 1999). "Liability has been found only where the

---

[4] Because McLeod failed to establish that Wal-Mart acted without probable cause, we need not address the district court's alternative reasons for granting summary judgment on McLeod's claims for false arrest and malicious prosecution.

7

conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. at 845.

Nothing about Wal-Mart's investigation of the theft or Wal-Mart's reporting of the theft to police was extreme, outrageous, or utterly intolerable. See, e.g., Southland Propane, Inc. v. McWhorter, 720 S.E.2d 270, 276-77 (Ga. Ct. App. 2011) (concluding that an employer's conduct was not extreme and outrageous when the employer accused an employee of misappropriating funds and forgery, fired the employee, and reported the alleged crimes to the police). "Comments made within the context of one's employment may be horrifying or traumatizing, but [they] are generally considered a common vicissitude of ordinary life." Abdul-Malik v. AirTran Airways, Inc., 678 S.E.2d 555, 560 (Ga. Ct. App. 2009). "The same is true of false accusations of dishonesty in the workplace." Id. Because no genuine issue of material fact exists, Wal-Mart was entitled to summary judgment.

AFFIRMED.

8