A92A1935. WILKS v. PIGGLY WIGGLY SOUTHERN, INC. et al.
(429 SE2d 322)

COOPER, Judge.

Appellant appeals from the trial court's grant of appellee Piggly Wiggly Southern, Inc.'s motion for summary judgment.

Viewed in a light favorable to appellant, the evidence shows that at approximately 11:00 p.m., after completing a purchase at appellee's grocery store, appellant walked out the front door, past two men who were loitering near the door. The store is part of a strip mall. After appellant left appellee's premises, he walked past two other stores to the end of the mall and around the corner 20 or 25 yards beyond the building into an unlit vacant area where he was mugged by the men. Appellant brought the instant action against appellee and its lessor, alleging negligent maintenance of the lighting on the premises and negligence in failing to provide adequate security. Appellee moved for summary judgment. The trial court entered a default judgment against the lessor for failure to file defensive pleadings and granted appellee's motion for summary judgment. In his sole enumeration of error, appellant contends the trial court erred in granting summary judgment where appellee had specific knowledge of prior criminal attacks on the premises, attackers loitered on appellee's premises waiting for victims and attackers followed appellant from appellee's premises to an adjacent location and assaulted him.

" 'In order "(t)o prevail on a motion for summary judgment (OCGA § 9-11-56), a defendant-movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. (Cits.)" [Cits.]' [Cit.] A defendant is entitled to summary judgment if he produces evidence conclusively establishing facts which negate one or more essential elements of the plaintiff's action. [Cit.]" (Indention omitted.) *Reed v. Ed Taylor Constr. Co.*, 198 Ga. App. 595, 596 (402 SE2d 346) (1991).

OCGA § 51-3-1 provides that "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." In *Elmore of Em-*

*bry Hills v. Porcher*, 124 Ga. App. 418 (183 SE2d 923) (1971), wherein plaintiff fell on a shopping center sidewalk immediately in front of a vacant area, this court held that the tenants in the shopping center were not liable because "each owner or occupier is responsible for keeping the sidewalk immediately in front of and adjacent to his store in safe condition, and that the responsibility for . . . those stretches of pavement that are not in front of the premises of any owner or occupier, must be borne by the owner and operator of the shopping center, provided he has retained control of same." Id. at 420. Appellee presented unrebutted evidence establishing that it was not the owner or in control of the area in which appellant was attacked nor was it responsible for maintaining the lighting in the area. See *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981). Granting appellee's motion for summary judgment, the trial court held that the assault did not occur on the "premises and approaches" of property controlled by appellee and that there was no evidence of affirmative acts taken by appellee in the area where the assault occurred which demonstrated appellee's control over the subject area or the premises immediately contiguous to the subject area.

However, in *Elmore*, the court also stated, "[t]hat is not to say . . . that an occupier would not be liable for an obstruction that he creates or maintains, whether directly in front of his building or not." *Elmore*, supra. "If the proprietor has reason to anticipate a criminal act, he or she then has a 'duty to exercise ordinary care to guard against injury from dangerous characters.' [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474) (1991). Appellant relies on evidence that shows that two or three months before his assault, another of appellee's customers was the victim of a purse snatching in the parking lot in front of the store and that the attackers had been loitering around the telephones in front of the store, pretending to use the telephone but actually were watching for victims. Based on appellee's knowledge of the prior assault, appellant contends appellee knew there was a substantial risk to its customers at night and failed to exercise reasonable care to provide adequate security to protect its customers. Citing *McCoy v. Gay*, 165 Ga. App. 590 (302 SE2d 130) (1983), appellee contends that because appellant's assault occurred off its premises and the purse snatching took place in the parking lot, the two incidents are not sufficiently similar, and evidence of the purse snatching is irrelevant in the instant case and does not illustrate appellee's knowledge of a dangerous condition or its failure to protect its customers against the type of assault suffered by appellant. We disagree because in both instances, the attackers were permitted to loiter on appellee's premises, lying in wait for their victims. Appellant, having been induced to come to appellee's premises for a lawful purpose, was owed a duty to be protected from the known dangers posed by

loiterers after dark on appellee's premises. Moreover, the assistant store manager's testimony demonstrates that appellee's employees appreciated the hazards of allowing individuals to loiter on its premises after dark and had begun to take steps to prevent such conduct and injury to its customers in the future.

"To avoid entry of summary judgment in a premises liability case, plaintiffs . . . must come forward with facts from which a reasonable jury could conclude that the owner or occupier failed to take reasonable steps to protect against injury. [Cit.]" *Haskins,* supra at 493-494 (2). The assistant store manager testified that after the purse snatching, appellee's employees began to stop people from loitering around the pay phones; that they understood that these individuals were tarrying on the premises to watch and wait for victims; and that after dark, more "bag help" was stationed in the parking lot. However, appellant's testimony is evidence that individuals continued to loiter at appellee's doorway after dark, since the imposition of appellee's safety precautions, and certainly raises a question about the efficacy and reasonableness of those precautions. Thus, there is at least a jury question as to whether these steps taken by appellee were reasonable to protect its customers against injury because despite appellee's efforts, persons continued to loiter on the premises after dark and appellant was attacked by two such persons.

In addition, we are not persuaded by appellee's contention that appellant had superior knowledge of the danger because he testified that upon seeing his attackers, he had a "gut feeling" they were "up to something" whereas its employees were not aware that people were loitering in front of the store on the night of appellant's assault. Appellant's "gut feeling" does not constitute knowledge of the previous attack or the fact that individuals loitered at the entrance of the store to stalk victims.

" '[T]his is a case where a jury must rule on the question of negligence and diligence. . . . What a reasonable and prudent man under similar circumstances (could and) would have done in the exercise of ordinary care (for the protection of [appellant]) is for a jury to answer.' [Cit.]" *Shell Oil Co. v. Diehl,* 205 Ga. App. 367, 369 (2) (422 SE2d 63) (1992). Accordingly, the trial court erred in granting appellee's motion for summary judgment.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 16, 1993.

Underwood & Mathis, Billy C. Mathis, Jr., for appellant.
Hodges, Erwin, Hedrick & Kraselsky, William H. Hedrick, David

*W. Orlowski*, for appellees.