A97A0853. HILLCREST FOODS, INC. v. KIRITSY.
(489 SE2d 547)

BLACKBURN, Judge.

By interlocutory appeal, Hillcrest Foods, Inc. d/b/a Waffle House (Hillcrest) contests the denial of its motion for summary judgment as to premises liability and punitive damages in Matthew Kiritsy's action for personal injury damages. This case arises out of a drive-by shooting at a Waffle House where Kiritsy was a patron. The trial court granted Hillcrest's motion for summary judgment on Kiritsy's claim for negligent retention of its employee Letitia Johnson, the intended victim, who was the wife of the shooter, Nathaniel Johnson. The trial court did not rule on Hillcrest's motion for summary judgment as to punitive damages, which is therefore deemed denied. See *Kim v. Tex Financial Corp.*, 223 Ga. App. 528, 529 (2) (479 SE2d 375) (1996).

The standard of review of the denial of a defendant's motion for summary judgment is a de novo review of the evidence of record with all reasonable inferences therefrom viewed in the light most favorable to the nonmoving party. The purpose of the review is to determine whether there remains a question for jury determination as to at least one material fact upon which plaintiff's case rests. If defendant points out the failure of plaintiff to establish any single element essential to the claimed cause of action, then defendant is entitled to summary judgment as to such claim.

"A *defendant* may [establish entitlement to summary judgment]

by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. *If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial.* A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." (Citation omitted; emphasis in original and supplied.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); see *Artlip v. Queler*, 220 Ga. App. 775, 776-777 (470 SE2d 260) (1996).

It is undisputed that while Kiritsy was a patron at the Waffle House on West Broad Street in Athens at approximately 1:00 a.m. on September 16, 1994, three or four shots were fired from a gun in a vehicle traveling on West Broad Street. Kiritsy was struck by two bullets and is paralyzed from the waist down. Although no arrests have been made, a witness to the shooting, who had been a passenger in the vehicle from which the shots were fired, testified in his deposition that Nathaniel Johnson fired the shots in an attempt to kill his wife, Letitia Johnson, a waitress at the Waffle House.

1. Hillcrest maintains that the trial court erred in failing to grant its motion for summary judgment with regard to Kiritsy's claims for damages based upon premises liability. Hillcrest contends that: there is no causal relationship between its conduct and the criminal act of a drive-by shooting; there is no evidence of prior, substantially similar crimes on its property or the approaches thereto and therefore the shooting was not foreseeable; and that there was no reasonable action which it could have taken which would have prevented the incident in any event.

Hillcrest filed its motion for summary judgment on all counts and outlined the record upon which it relied. The trial court granted summary judgment to Hillcrest on plaintiff's claim that Hillcrest was liable for his injuries based upon its negligent retention of Letitia Johnson. Kiritsky contends that Hillcrest negligently retained Johnson after it became aware of prior disputes between Johnson and her husband.

In its order, the trial court found that "plaintiff alleges that the direct cause of his injuries was the intervening criminal act of a third party, Nathaniel Johnson" and that "it violates public policy and is

patently absurd to suggest that, because Letitia Johnson was a victim of domestic violence, she should have been terminated." The trial court held that a question of fact regarding foreseeability remained as to the premises liability claim in that prior similar criminal acts are not the only way of proving foreseeability, relying on *Doe v. Prudential-Bache/A. G. Spanos Realty &c.*, 222 Ga. App. 169 (474 SE2d 31) (1996) and *Wallace v. Boys Club of Albany &c.*, 211 Ga. App. 534 (439 SE2d 746) (1993).

The trial court stated in its denial order that "[t]he shooting of the Plaintiff was a crime against the person. Plaintiff presented evidence of prior crimes against persons committed on the premises as follows: 1) December 8, 1991, Tamra White was punched in the face; 2) July 21, 1992, an employee of the Waffle House was the victim of an aggravated assault and attempted rape; 3) July 20, 1993, an unidentified person attempted to run over John Batch with an automobile; 4) January 1, 1994, an unidentified male robbed a patron at gunpoint on the premises; 5) February 6, 1994, Keith Hodapp was attacked on Defendant's premises by Trey Ford and struck with fists; 6) March 20, 1994, a fight broke out at the Waffle House wherein the victim was punched in the face resulting in the offender being charged with simple battery, impersonating a law enforcement officer and giving false information. There was also evidence from employee Sarah Collins that fist fights and arguments on the premises were quite common." For purposes of summary judgment analysis, we accept all these findings as true, such view being most favorable to the nonmovant.

In order for plaintiff to establish the negligent tort claim, it must show that Hillcrest violated its duty to plaintiff, and that such violation was the proximate cause of plaintiff's injuries. See OCGA § 51-1-1. Hillcrest's customers, having been induced to come onto its property by implied invitation, are invitees. The duty of a proprietor to an invitee is to "exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. "The proprietor is not the insurer of the invitee's safety, but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge." (Citation omitted.) *Lau's Corp.*, supra at 492 (1).

In order to establish liability of a proprietor for the independent criminal acts of another which result in injury to one of its customers, it must generally be shown that the subject criminal act occurred on the premises or approaches of the proprietor's property or on adjacent property over which the proprietor has exercised some degree of control, that the proprietor had reasonable notice of prior, similar criminal acts of such a nature that the proprietor was put on notice of the likelihood of the subject criminal act being committed, and that given such notice, the proprietor could reasonably have acted thereon

to protect its customers. See OCGA § 51-3-1; *Sturbridge Partners, Ltd. v. Walker*, 267 Ga. 785 (482 SE2d 339) (1997); *Lau's Corp.*, supra.

We first address the issue of whether Hillcrest's duty under OCGA § 51-3-1 to protect its customers while on its premises or approaches extends to acts which are initiated from a public thoroughfare over which Hillcrest has no authority and has not otherwise exercised control. We have held that a proprietor "has a duty, when [it] can reasonably apprehend danger to a customer from the misconduct of other . . . *persons on the premises*, to exercise ordinary care to protect the customer from injury caused by such misconduct." (Citation and punctuation omitted; emphasis supplied.) *Adler's Package Shop v. Parker*, 190 Ga. App. 68, 69 (1) (a) (378 SE2d 323) (1989).

Although the premises owner has a duty to keep the premises and *approaches* safe, see OCGA § 51-3-1, "[i]f the approach is a public way, the occupier's duty . . . is to exercise due care within the confines of his right in the public way." (Punctuation omitted.) *Reed v. Ed Taylor Constr. Co.*, 198 Ga. App. 595, 597 (402 SE2d 346) (1991).

No evidence has been introduced showing that Hillcrest used the public road in front of the Waffle House in any manner other than that consistent with the general motoring public. The premises owner's duty to keep the *approaches* safe does not generally extend to the busy public thoroughfare on which the premises is located, where the owner has no legal right to control such thoroughfare. OCGA § 51-3-1 generally contemplates approaches over which the proprietor has a right of control. Hillcrest had no right to control the use of the public road adjacent to the Waffle House and thus no duty arose to it based upon its use or control thereof. See *Rischack v. City of Perry*, 223 Ga. App. 856 (479 SE2d 163) (1996).

The evidence indicates that several prior crimes against persons, as outlined above, had occurred on Hillcrest's property during the three years prior to the drive-by shooting. None of the prior crimes involved a drive-by shooting, and there is nothing in the record to put Hillcrest on notice of the likelihood of a future drive-by shooting.

Kiritsy contends that Hillcrest should have anticipated Johnson's criminal act because it had knowledge of an incident at the Waffle House in which Johnson had threatened to shoot a male employee who had been harassing Johnson's wife. That incident occurred over five months prior to the drive-by shooting at issue. Johnson did not display a gun during that verbal incident, and the male employee was fired for harassment, thereby removing any further threat of such an incident occurring. While this might show Johnson's violent verbal tendencies in defense of his wife, his threats to the male employee did not put Hillcrest on notice that Johnson might attempt to kill his wife, or that he was physically violent

toward his wife or Hillcrest's customers. Plaintiff contends that the tumultuous relationship between the Johnsons was known to Hillcrest. Even if this were so, there is nothing in such relationship which would have put defendant on notice of the likelihood of a drive-by shooting.

A drive-by shooting is a totally different crime from those in which all actions constituting the crime occur on the defendant's property. In this drive-by shooting, the perpetrator was not even on the defendant's property, but rather was traveling on a busy public thoroughfare. It is difficult to imagine what effective action Hillcrest could reasonably have taken which could have prevented a drive-by shooting even had there been a prior such event.

Georgia courts have not dealt previously with a proprietor's duty in a drive-by shooting case; therefore, we look to other jurisdictions who have addressed this situation. In *Thai v. Stang,* 263 Cal. Rptr. 202, 206 (214 Cal.App.3d 1264) (1989), the California Court of Appeals determined that a drive-by shooting in a roller skating rink parking lot was an unforeseeable criminal attack by a third party. The court determined that despite evidence of prior crimes against persons on the owner's property, "the random nature of drive-by shootings . . . makes them difficult to police against." Id. at 207. The court questioned the property owner's ability to have prevented the injuries sustained by the plaintiff under such circumstances, and it noted, "[w]hile we do not minimize the policy of preventing future harm, imposing a duty to protect against drive-by shootings would place an onerous burden on business owners. Moreover, when the burden of preventing future harm is great, a high degree of foreseeability is required." Id.

The trial court's reliance on *Wilks v. Piggly Wiggly Southern,* 207 Ga. App. 842 (429 SE2d 322) (1993) as authority for the proposition that the law does not require that the criminal act occur on the premises or approaches of the proprietor's premise in order to establish foreseeability is misplaced. In *Wilks,* the victim was mugged around the corner from the defendant's property. Id. We reversed the trial court's grant of the property owner's motion for summary judgment, however, because the property owner had allowed the attackers to loiter on his premises waiting for victims. Id. at 844. *Wilks* is factually distinguishable from the present case and does not require a different result.

The trial court's reliance on *Doe* (a case involving a rape which occurred in a parking garage where the court acknowledged that if the defendant admitted the existence of a dangerous condition, foreseeability may be established even in the absence of a prior substantially similar criminal act) and on *Wallace* (a case involving the failure to properly supervise a child who was injured after wandering off

from the premises of the defendant) is also misplaced as the cases are factually distinguishable. There has been no admission by Hillcrest in the instant case and the criminal conduct was not initiated on its property. Therefore, *Doe* is inapplicable to the present analysis. *Wallace* was not a true premises liability case, as it involved a failure to supervise a child, and has no application to the present case.

Without foreseeability that a criminal act will occur, no duty on the part of the proprietor to exercise ordinary care to prevent that act arises. Our Supreme Court has reaffirmed the requirement of substantially similar criminal acts to establish the foreseeability of the proprietor in *Sturbridge Partners, Ltd. v. Walker*, supra. There, the Supreme Court affirmed this Court's holding that notice of prior burglaries of vacant apartments was sufficient to make foreseeable to the landlord the potential for violence in the event of the burglary of an occupied unit. Off-premises conduct or injury was not involved in *Walker*, and it does not change the general law in such cases.

Under the facts of this case, the plaintiff has failed to establish that the drive-by shooting was foreseeable by the defendant. While there may be situations in which off-premises criminal conduct will not preclude a proprietor's liability, any such case would necessarily involve a higher degree of foreseeability, not here present, than would those cases involving on-premises conduct. Although a premises owner must exercise ordinary care to protect its customers from the unreasonable risks of which the proprietor is aware, the owner is not the insurer of its customers' safety. See *Lau's Corp.*, supra. The law must be applied uniformly to the parties even where egregious injuries have occurred. Hillcrest did not ensure Kiritsy's safety, and under the facts herein involved, it cannot be responsible for Kiritsy's injuries because the drive-by shooting was not a foreseeable act. It was an act of terrorism that could have occurred anywhere that the intended victim happened to be. Hillcrest had no basis to foresee such event, and there was no effective action which it could reasonably have taken to prevent said act under the circumstances of this case. Hillcrest and Kiritsky are both victims of the despicable shooting for the same reason. That being the perpetrator's decision to shoot Letitia Johnson at the subject time and location. The shooting was a transitory act that could have been carried out at any time and place that the intended victim happened to be.

Although Kiritsy's security expert averred that Hillcrest was negligent in failing to hire security guards, the expert did not indicate how a security guard would have been a deterrent for a drive-by shooting. Furthermore, the expert did not recommend the use of bullet-proof glass.

The trial court erred in denying Hillcrest's motion for summary judgment on Kiritsy's claims based on premises liability. Even

assuming Hillcrest had knowledge that the Johnsons had a tumultuous marital relationship, we cannot say that such information translates into notice of potential danger to customers. For to do so would jeopardize the job of every employed victim of domestic violence. Nor can we say that verbal confrontations are indicative of a future drive-by shooting. To so hold would threaten the job security of every person in an abusive relationship.

Our determination regarding Hillcrest's duty makes it unnecessary to address Kiritsy's additional arguments.

2. Because of our holding in Division 1, Hillcrest is not liable for punitive. damages and the trial court erred in denying Hillcrest's motion for summary judgment on this issue.

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 11, 1997 —
RECONSIDERATION DENIED JULY 24, 1997 — 

*Chambers, Mabry, McClelland & Brooks, Genevieve L. Frazier, Jo B. Gosdeck*, for appellant.

*Gorby & Reeves, Michael J. Gorby, Mary D. Peters, Blakely H. Frye*, for appellee.