A05A2155. DRAPER v. REYNOLDS.
(629 SE2d 476)

BERNES, Judge.

Stacy Allen Draper appeals the trial court's decision granting summary judgment to Coweta County Sheriff's Deputy Clinton D. Reynolds on claims arising out of Reynolds' traffic stop and arrest of Draper for a tag light violation and obstruction of an officer. For the following reasons, we must affirm.

Draper filed the instant lawsuit against Reynolds, individually, alleging causes of action under 42 USC §§ 1983 and 1988 and state

---

law claims of conversion, tampering with evidence, obstruction of justice, physically abusive assault, intentional infliction of emotional distress, defamation, slander, libel, false arrest, false report of a crime, and interference with contractual rights. Reynolds removed the case to the United States District Court for the Northern District of Georgia. The federal district court granted summary judgment in favor of Reynolds as to the § 1983 claims and remanded the case to the state court for decision of the state law claims.

The United States Court of Appeals for the Eleventh Circuit affirmed the federal district court's decision on appeal, holding that: (1) "Reynolds had probable cause to stop Draper for a tag light violation, and that probable cause was also sufficient to permit Reynolds to arrest Draper for that violation"; (2) "[B]y acting belligerently and confrontationally, Draper hindered Reynolds in completing the traffic stop . . . [and] [t]hus, Reynolds had ample probable cause to arrest Draper for [obstruction of a law enforcement officer]"; and (3) "In the circumstances of this case, Reynolds's use of the taser gun to effectuate the arrest of Draper was reasonably proportionate to the difficult, tense and uncertain situation that Reynolds faced in this traffic stop, and did not constitute excessive force." (Punctuation and footnotes omitted.) *Draper v. Reynolds*, 369 F3d 1270, 1276-1278 (11th Cir. 2004).[1]

Upon remand, Draper filed a motion for default judgment, contending that Reynolds failed to file an answer in the record of the state court. Draper's motion was denied. Reynolds filed a motion for summary judgment, which was granted.

1. Draper first contends the trial court erred in denying his motion for default judgment. We disagree.

After Draper moved for default judgment, Reynolds responded and attached a copy of his answer timely filed in the federal court. "[A] timely answer filed in district court following timely removal of the action is sufficient to prevent a default in a state court if the case is subsequently remanded from district court." (Citations omitted.) *Teamsters Local 515 v. Roadbuilders, Inc. of Tennessee*, 249 Ga. 418, 421 (2) (291 SE2d 698) (1982). Draper contends that the answer submitted to the trial court was not properly authenticated and thus could not be considered as evidence. While Draper objected to the trial court's consideration of the answer as evidence, he did not object on the ground he now asserts. As such, Draper's claim has been waived and presents no basis for reversal on appeal. See *Francis v. Francis*,

---

[1] Reynolds' traffic stop of Draper's tractor-trailer truck was captured in a videotape, taken from the police camera of Reynolds' patrol car. Having reviewed the videotape, we cannot say whether we would have necessarily reached the same conclusion as the federal court.

279 Ga. 248, 249 (611 SE2d 45) (2005) (noting that "objecting on specific grounds waives the grounds not asserted") (citations and punctuation omitted); *Wright v. Millines*, 217 Ga. App. 464, 466-467 (4) (458 SE2d 488) (1995) (objection to admission of evidence on grounds of lack of authentication was waived where not timely raised below).

2. Draper next argues that the trial court erred in granting summary judgment to Deputy Reynolds on the state law claims.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). With these principles in mind, we turn to Draper's specific state law claims.[2]

(a) Physically Abusive Assault, Intentional Infliction of Emotional Distress, and False Arrest. Draper's claims of physically abusive assault, intentional infliction of emotional distress, and false arrest are based upon the circumstances of the traffic stop and Draper's subsequent arrest.

To prevail on these claims, Draper would be required to show that Reynolds' actions were unlawful, i.e., that there was no probable cause for the traffic stop and arrest and that Reynolds used excessive force in effectuating the arrest. See OCGA §§ 51-1-13; 51-1-14; 51-7-1; *Smith v. Holeman*, 212 Ga. App. 158, 160 (3) (441 SE2d 487) (1994). Draper cannot make such a showing in this case.

In the federal district court, the parties to this lawsuit litigated the issues surrounding the traffic stop and Draper's arrest. Affirming the district court, the Eleventh Circuit Court of Appeals expressly ruled that Reynolds had probable cause for the traffic stop and arrest based upon a tag light violation, had probable cause for arrest based upon Draper's acts of obstruction, and had not used excessive force in making the arrest. See *Draper*, 369 F3d at 1276-1278.

---

[2] To the extent that Draper is attempting to allege state constitutional claims, we note that Georgia does not have an equivalent to 42 USC § 1983, which provides a cause of action for damages against state officers in their individual capacities for certain unconstitutional acts. See *Howard v. Miller*, 222 Ga. App. 868, 872 (1) (c) (476 SE2d 636) (1996).

> OCGA § 9-12-40 states that a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside. . . . [Collateral estoppel], sometimes called issue preclusion, prevents relitigation of an issue already litigated by the parties or their privies.

(Citations and punctuation omitted.) *Phinazee v. Interstate Nationalease, Inc.*, 237 Ga. App. 39, 40-41 (514 SE2d 843) (1999). Thus, we are compelled to hold that the issues of lawfulness of Reynolds' actions, probable cause, and excessive force — which were decided adversely to Draper in the federal court action — cannot be relitigated here. See id. See also *Travis Pruitt & Assoc. v. Hooper*, 277 Ga. App. 1, 7 (3) (625 SE2d 445) (2005); *Chilivis v. Dasher*, 236 Ga. 669, 670 (225 SE2d 32) (1976).

Since Draper is collaterally estopped from asserting that Reynolds' actions were illegal and lacked probable cause, which are elements essential to these claims, Draper cannot prevail. "If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards." *Sudduth v. Young*, 260 Ga. App. 56 (579 SE2d 7) (2003). Therefore, we must hold that the trial court did not err in granting summary judgment.

(b) Tampering with Evidence, Obstruction of Justice, and False Report of a Crime. Draper contends that Reynolds committed these offenses by producing three versions of the videotape depicting the traffic stop, remotely controlling the audio of the videotape, and falsely accusing him of the tag light and obstruction violations. In support of his claims, Draper relies upon OCGA §§ 16-10-93, 16-10-94 and ostensibly 16-10-26. Pretermitting whether a violation of the penal statutes at issue provides a civil cause of action, the evidence does not support Draper's claims. See OCGA § 51-1-6; *Borison v. Christian*, 257 Ga. App. 257, 258 (1) (570 SE2d 696) (2002).

There is no evidence that Reynolds threatened or influenced any witnesses or induced any person to alter or tamper with the videotape. Thus, Draper's claim for obstruction of justice predicated on OCGA § 16-10-93[3] fails as a matter of law.

---

[3] OCGA § 16-10-93 governs influencing witnesses. This Code section proscribes, inter alia, the acts of intimidating, threatening or engaging in misleading conduct toward another person with intent to cause or induce the person to withhold a record, document, or other object from an official proceeding, or to alter, destroy, mutilate or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding.

Draper's claim for tampering with evidence predicated upon OCGA § 16-10-94[4] likewise fails. Draper failed to present any evidence showing that Reynolds was responsible for preparing the videotape or that he altered the depictions or sound of the videotape. As such, Draper's claim against Reynolds is based on mere speculation and is without merit.

Nor is Draper entitled to recover for the claim alleging false report of a crime. See OCGA § 16-10-26.[5] Because the federal court concluded that Reynolds had probable cause to arrest Draper for both offenses, Draper is further collaterally estopped from claiming that the report of these offenses was false. See *Draper*, 369 F3d at 1276-1277; *Meagher v. Quick*, 264 Ga. App. 639, 645 (2) (594 SE2d 182) (2003) (appellant was collaterally estopped from relitigating whether officers lied in their investigation reports). Hence, the trial court's grant of summary judgment as to these claims also was proper.

(c) Defamation, Libel, and Slander. Draper contends that Reynolds defamed him by making false reports that he had committed the tag light and obstruction offenses and had acted in a threatening manner. For the reasons previously expressed in Division 2 (b), Draper is collaterally estopped from asserting these claims.

Draper further contends that Reynolds defamed him by calling him a "son of a bitch." Reynolds' act of calling Draper a "son of a bitch" as reflected on the videotape, while inappropriate and disparaging, does not subject him to liability for slander in this case. Draper has not alleged and has not shown that he suffered any special damage from this statement as required to set forth a cause of action for slander under OCGA § 51-5-4 (a) (4). See *Connell v. Houser*, 189 Ga. App. 158, 159-160 (4) (b) (375 SE2d 136) (1988); *Jordan v. Fowler*, 25 Ga. App. 709 (104 SE 511) (1920).

Draper's additional claim of slander is based on his contention that he "was informed by Julie Ponzy [an employee of Draper's former trucking contractor] that a person identifying himself as the arresting officer with the Coweta County Sheriff's Department informed her that he believed [Draper] was on drugs at the time of [his] arrest."

---

[4] OCGA § 16-10-94 (a) provides that
[a] person commits the offense of tampering with evidence when, with the intent to prevent the apprehension or cause the wrongful apprehension of any person or to obstruct the prosecution or defense of any person, he knowingly destroys, alters, conceals, or disguises physical evidence or makes, devises, prepares, or plants false evidence.

[5] OCGA § 16-10-26 provides that, "[a] person who willfully and knowingly gives or causes a false report of a crime to be given to any law enforcement officer or agency of this state is guilty of a misdemeanor."

Reynolds testified that he never contacted Draper's trucking contractor. More importantly, no deposition or affidavit testimony from Ponzy appears in the record. As such, Draper's claim is based upon inadmissible hearsay. OCGA § 24-3-1. Since there is no evidence that Reynolds made the alleged statement, Draper's slander claim fails. The trial court properly granted summary judgment to Reynolds on the defamation claims.

(d) Interference with Contractual Rights. Draper contends that Reynolds interfered with his contractual rights by contacting his trucking contractor and making false accusations against him. As stated in Division 2 (c), there is no competent evidence that Reynolds contacted Draper's trucking contractor, and therefore, Draper's claim fails as a matter of law.

(e) Conversion. Draper alleges that Reynolds converted his property during the search of his truck on the night of his arrest. "Conversion is the unauthorized assumption and exercise of the right of ownership over personal property belonging to another which is contrary to the owner's rights." (Citation and punctuation omitted.) *Taylor v. Gelfand*, 233 Ga. App. 835, 837 (2) (505 SE2d 222) (1998). Police officers may perform an inventory search of a car in preparation for impounding it and may also search a car incident to a lawful arrest of its occupant. *State v. Howard*, 264 Ga. App. 691, 693 (592 SE2d 88) (2003). "An inventory search prior to impoundment is justified in order to protect three distinct needs, as follows: (1) protection of the owner's property while it remains in police custody; (2) the protection of the police from potential danger; and (3) the protection of the police against false claims of stolen or lost property." (Citations and punctuation omitted.) *State v. Haddock*, 235 Ga. App. 726, 728 (1) (510 SE2d 561) (1998).

In this case, after Draper was arrested, Reynolds and his fellow officers performed an inventory search of Draper's truck before it was impounded. Draper claimed that his logbook, driver's license, bill of lading and various other documents were seized during the search.[6] Seizure of these items during the impound inventory search of Draper's truck was proper. *Haddock*, 235 Ga. App. at 728-729 (1). These items also were requested by Reynolds, but were not provided by Draper, during the course of the traffic stop. As such, these items were evidence of the crime of obstruction and were properly seized incident to Draper's arrest. *State v. Howard*, 264 Ga. App. at 694. See also *State v. Lowe*, 263 Ga. App. 1, 2 (587 SE2d 169) (2003). Because

---

[6] Draper acknowledges that his wallet, logbook, driver's license and bill of lading taken during the search were returned to him following his release from jail. Although Draper claims that he has not been able to locate other items, he admitted that he could not confirm whether these allegedly missing items were taken during the search or were lost at his residence.

the federal court already determined that Draper was properly arrested for a traffic violation and for obstruction, we must conclude that Reynolds' search and seizure of items from Draper's truck was authorized. Thus, Draper's claim for conversion fails. See *Taylor*, 233 Ga. App. at 837 (2).

In light of the foregoing, the trial court did not err in granting summary judgment to Reynolds on his state law claims.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MARCH 23, 2006 — ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Millard C. Farmer, Jr.*, for appellant.

*Swift, Currie, McGhee & Hiers, Christopher D. Balch, John M. Hamrick*, for appellee.