**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**August 29, 2019**

# In the Court of Appeals of Georgia

A19A1606. HILL v. MM GAS & FOOD MART, INC.

MARKLE, Judge.

After George Hill was shot by a stray bullet as he shopped at the MM Gas & Food Mart ("MM Gas"), he filed suit against MM Gas and several of its employees, alleging negligence and premises liability. The trial court granted summary judgment to MM Gas, and Hill now appeals, arguing that there were genuine issues of fact regarding MM Gas's duty to protect customers from a foreseeable risk. After a thorough review of the record, and for the reasons that follow, we affirm.

We review the grant of a motion for summary judgment de novo, viewing the evidence, and making all reasonable inferences, in the light most favorable to the nonmovant. *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

So viewed, the record shows that in October 2013, Hill and his friend Laverbon Hightower went to MM Gas to purchase lottery tickets. Hightower lived near the store, and Hill picked him up at his house and drove to the store. Although Hill was not aware of any prior incidents of criminal activity in the area, Hightower knew there was drug and other illegal activity there.

As the two men waited at the counter to buy their tickets, they heard gunshots and the sound of breaking glass. Hill felt a burning sensation on his head, fell to the floor, and discovered he was bleeding.[1] There was a bullet hole in the door near where the men had been standing. The men then finished purchasing their lottery tickets and left the store. Neither man had noticed anything suspicious as they entered the store, nor did they see the shooter.

Hill drove Hightower home and then sought treatment at the hospital, where doctors cleaned and dressed his head wound and released him. Hill did not require any pain medication or any further treatment.

An investigator with the Macon police department found shell casings in the parking lot across the street from MM Gas. He determined that the shooter fired from

---

[1] Apparently, there was surveillance footage of the incident, but it was not submitted as evidence.

that site. According to a police department report of other criminal activity in the area, there were three prior instances involving weapons: on September 1, 2013, someone discharged a firearm inside MM Gas; on September 9, 2013, someone with a gun inside the store stated that he planned to shoot rival gang members; and on October 7, 2013, an individual pointed a gun at someone inside the store. A private investigator Hill hired concluded that the cashier's counter inside the store "appeared" to be protected by bulletproof glass and that after Hill's shooting, someone tried to install bulletproof glass on the front windows.

Hill sued MM Gas and ten John Doe employees,[2] alleging that they were negligent because the risk that a customer could be shot on the property was foreseeable, and MM Gas failed to undertake any action to protect its customers.[3] Hill also brought claims against MM Gas for vicarious liability and negligent hiring and retention.

MM Gas moved for summary judgment, arguing that it had no legal duty to protect Hill in this case because it had no control over the premises from which the

---

[2] Hill never identified or served any individual defendant.

[3] Hill filed his initial complaint in January 2014, but voluntarily dismissed it on September 22, 2016. He filed the instant renewal action on March 15, 2017.

bullet was fired, it did not have superior knowledge of any risk, and even if it had breached a duty to Hill, there was no evidence that the failure to provide additional security measures was the cause of Hill's injury.

Hill filed a response to the motion for summary judgment in which he asserted that there remained genuine issues of material fact. He later supplemented his response,[4] arguing that MM Gas breached its duty because there had been numerous other instances of gun violence on the property in the months leading up to his incident, which made the risk foreseeable, and MM Gas failed to take any measures to protect its customers.

Following a hearing, the trial court granted summary judgment to MM Gas, finding that MM Gas was not liable for Hill's injuries because the danger was not foreseeable. Specifically, the trial court concluded that the prior instances of gunfire were not sufficiently similar such that MM Gas would have superior knowledge of

---

[4] The trial court scheduled a hearing on the motion. Two days before the hearing, Hill filed his supplemental response brief, attaching exhibits in support of his claims. MM Gas objected to this supplemental filing as untimely. The trial court found that Hill's supplemental response to the summary judgment motion was untimely because it was not filed within 30 days of service of the motion for summary judgment. See USCR 6.2. We note that OCGA § 9-11-56 (c) authorizes a party to submit opposing affidavits outside the time period set out in USCR 6.2, but it does not allow other responsive materials beyond the time frame. *Winchester v. Sun Valley-Atlanta Assoc.*, 206 Ga. App. 140, 141 (1) (424 SE2d 85) (1992).

4

a risk to its customers, and that Hill presented no evidence to show what MM Gas should have done to protect its customers. Hill now appeals.

On appeal, Hill argues that summary judgment was improper because there are factual issues regarding whether MM Gas's constructive knowledge of the prior instances of gun violence made the risk foreseeable and whether MM Gas had a duty to protect its customers. We disagree.

The duty owed by a landowner to its invitee is set out in our Code:

Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

OCGA § 51-3-1. This duty is not limitless, however, and an owner "is not required to insure an invitee's safety. Rather, it has a duty to exercise ordinary care to protect its invitees from unreasonable risks of which it has superior knowledge." (Citations and punctuation omitted.) *Bolton v. Golden Bus., Inc.*, 348 Ga. App. 761, 762 (1) (823 SE2d 371) (2019). Thus,

[w]ith regard to potential criminal attacks by third parties, the landowner is not the insurer of the invitee's safety, but nonetheless is required to exercise ordinary care to protect the invitee from unreasonable risks of

5

which he or she has superior knowledge. If there is reason to anticipate some criminal conduct, the landowner must exercise ordinary care to protect its invitees.

(Citations and punctuation omitted.) *Martin v. Six Flags Over Georgia II, L.P.*, 301 Ga. 323, 328 (II) (801 SE2d 24) (2017). As a result, an owner will be liable for a criminal act by a third party only if the act was reasonably foreseeable. *Bolton*, 348 Ga. App. at 762 (1); see also *Lau's Corp., Inc. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474) (1991), abrogated on other grounds by, *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997).

We have held that a "premises owner has a duty to keep the premises and approaches safe, if the approach is a public way, the occupier's duty is to exercise due care within the confines of his right in the public way." (Citations, punctuation, and emphasis omitted.) *Hillcrest Foods, Inc. v. Kiritsy*, 227 Ga. App. 554, 557 (1) (489 SE2d 547) (1997). *Kiritsy* involved a patron of a restaurant who was injured in a drive-by shooting. Id. at 555. This Court found that Hillcrest Foods owed no duty to protect its customers from a random and unforeseeable act that occurred off of its property. Id. at 557-559 (1). As this Court explained, "[w]hile there may be situations in which off-premises criminal conduct will not preclude a proprietor's liability, any

6

such case would necessarily involve a *higher degree of foreseeability . . .* than would those cases involving on-premises conduct." (Emphasis supplied.) Id. at 559 (1). Moreover, this Court found that "imposing a duty to protect against drive-by shootings would place an onerous burden on business owners." (Citation omitted.) Id. at 558 (1).

Here, we conclude that Hill has failed to meet his burden to show that his injuries were the result of foreseeable conduct. Importantly, the bullet was shot from the parking lot across the street from MM Gas – a location over which MM Gas has no control. There was no evidence that MM Gas – or its employees – were aware of the prior instances of gun violence on the property or that the store was located in an area riddled with crime.[5] Hill did not depose the employees to establish what, if any, knowledge they might have had and seek to impute it to MM Gas. See *Bolton*, 348 Ga. App. at 763 (1) (owner's lack of knowledge of prior crimes warranted summary

---

[5] In his supplemental response to the motion for summary judgment, Hill submitted purported excerpts of MM Gas's owner's deposition. Assuming this uncertified copy was properly before the trial court, despite its untimely filing, the owner of the store stated in his deposition that he was not aware of the prior incidents. *Blake v. KES, Inc.*, 329 Ga. App. 742, 745 (1) (a) (766 SE2d 138) (2014) (uncertified copy of deposition admissible at summary judgment); *Winchester*, 206 Ga. App. at 141 (1) (USCR 6.2 does not allow untimely responsive materials other than affidavits).Thus, this evidence would not warrant denial of the summary judgment motion.

judgment, and "existence of crime in area – by itself – does not raise a genuine issue of material fact as to [owner's] knowledge."). The only evidence of prior criminal activity was the police department report, and it is well settled that an owner is not obligated to seek out police reports to investigate whether crimes have occurred on its property. *Sun Trust Banks, Inc. v. Killebrew*, 266 Ga. 109, 109-110 (464 SE2d 207) (1995); *Johnson v. Atlanta Housing Auth.*, 243 Ga. App. 157, 159 (1) (532 SE2d 701). And, where there is no evidence that the owner was otherwise aware of the crime reports, those reports cannot show that the crime was foreseeable. *Bolton*, 348 Ga. App. at 764 (1).

Moreover, Hill failed to proffer any evidence that there were reasonable measures MM Gas could have taken that would have protected the customers from a random shooting committed off MM Gas's property.[6] Hill has not shown that requiring MM Gas to install bulletproof windows throughout its entire store to protect

---

[6] Hill's reliance on *Martin v. Six Flags* is misplaced. In that case, there was evidence that the altercation started on Six Flags's property. 301 Ga. at 328 (II). Importantly, however, the Court noted that Six Flags could not be liable under the theory that the public bus stop outside the park's grounds was within the "approach" to the park or that Six Flags somehow had control over the stop. Id. at 334-336 (II) (B). In that respect, the *Six Flags* decision supports our conclusion here that MM Gas had no liability for criminal activity occurring in an area across the street from its store and not within the control of MM Gas.

customers from unforeseeable random shootings on other properties in the area is a *reasonable* remedy. *Lau's Corp., Inc.*, 261 Ga. at 494 (2) (plaintiff must come forward with facts enabling a jury to find that the owner "failed to take *reasonable steps to protect them* against injury." (citation omitted; emphasis supplied)). Rather, this seems to be an "onerous burden" of the type we cautioned about in *Kiritsy*. See *Kiristy*, 227 Ga. App. at 558 (1).

That is not to say that a plaintiff could never hold a property owner liable for injuries sustained in the same manner presented here. Rather, summary judgment was proper in this case because the plaintiff failed to meet his burden of putting forth any evidence to show that there remained a genuine issue of material fact.[7] Accordingly, we conclude that the trial court properly granted summary judgment to MM Gas.

*Judgment affirmed. Doyle, P. J., and Coomer, J., concur.*

---

[7] We may affirm the trial court's decision if it is right for any reason. *Georgia-Pacific, LLC v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013).